UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT TRUJILLO, JR., <br> Plaintiff, <br> v. <br> NANCY A. BERRYHILL, <br> Defendant. | Case No. 18-cv-07125-SVK <br><br> **ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT** <br><br> Re: Dkt. Nos. 20, 21 |

Plaintiff Gilbert Alberto Trujillo, Jr. ("Plaintiff") appeals from the final decision of the Commissioner of Social Security denying his application for disability insurance benefits under Title II of the Social Security Act. For the reasons discussed below, the Court **REMANDS** this matter for further administrative proceedings.

### I. BACKGROUND

Plaintiff seeks disability benefits for the period beginning January 2, 2009 and ending December 31, 2009. Dkt. 17 (Administrative Record ("AR")) 17, 171. An Administrative Law Judge ("ALJ") held a hearing on August 24, 2017, at which Plaintiff, a vocational expert, and a medical expert testified. AR 28-78. On October 25, 2017, the ALJ issued an unfavorable decision. AR 12-23. The ALJ found that Plaintiff had the following severe impairments: diabetes mellitus, hypertension, stasis dermatitis of the right leg, neuropathy, status post left great toe amputation, and obesity. AR 17. The ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments. AR 18. The ALJ then determined that Plaintiff had the residual functional capacity ("RFC") to perform light work with the limitation that he could only stand and walk for four hours total in a work day. AR 18. The ALJ concluded that Plaintiff was not disabled because he was capable of performing jobs that exist in the national economy, including those of a cashier, an assembler of electrical

accessories, and an arcade attendant. AR 21-22.

After the Appeals Council denied review, Plaintiff sought review in this Court. Dkt. 1. In accordance with Civil Local Rule 16-5, the Parties filed cross-motions for summary judgment. Dkt. 20 ("Pl. MSJ"); Dkt. 21 ("Def. MSJ"). All Parties have consented to the jurisdiction of a magistrate judge. Dkts. 10, 15.

## II. ISSUES FOR REVIEW

1. Did the ALJ err is assigning "little weight" to the opinions of Plaintiff's treating physicians, Dr. Tomas Valdez and Dr. Jan Lin?
2. Did the ALJ err in her credibility analysis of Plaintiff?
3. Did the ALJ err in determining that Plaintiff could perform the jobs of cashier, assembler of electrical accessories, or arcade attendant?

## III. STANDARD OF REVIEW

This Court has the authority to review the Commissioner's decision to deny disability benefits, but "a federal court's review of Social Security determinations is quite limited." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015); *see also* 42 U.S.C. § 405(g). Federal courts "leave it to the ALJ to determine credibility, resolve conflicts in the testimony, and resolve ambiguities in the record." *Brown-Hunter*, 806 F.3d at 492 (internal quotation marks and citation omitted).

The Commissioner's decision will be disturbed only if it is not supported by substantial evidence or if it is based on the application of improper legal standards. *Id*. at 492. "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations," and this threshold is "not high." *Biestek v. Berryhill*, -- U.S. --, 139 S. Ct. 1148, 1154 (2019) (internal quotation marks, citation, and alteration omitted); *see also Rounds v. Comm'r of Soc. Sec. Admin*., 807 F.3d 996, 1002 (9th Cir. 2015) ("Substantial evidence" means more than a mere scintilla but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion") (internal quotation marks and citations omitted). The Court "must consider the evidence as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Rounds*, 807 F.3d at 1002 (internal quotation marks and

citation omitted). Where the evidence is susceptible to more than one rational interpretation, the Court must uphold the ALJ's findings if supported by inferences reasonably drawn from the record. *Id*.

Even if the ALJ commits legal error, the ALJ's decision will be upheld if the error is harmless. *Brown-Hunter*, 806 F.3d at 492. But "[a] reviewing court may not make independent findings based on the evidence before the ALJ to conclude that the ALJ's error was harmless." *Id*. The Court is "constrained to review the reasons the ALJ asserts." *Id*. (internal quotation marks and citation omitted).

**IV. DISCUSSION**

Plaintiff argues that the ALJ: (1) improperly rejected the opinions of Plaintiff's treating physicians, Dr. Tomas Valdez and Dr. Jan Lin; (2) improperly discredited Plaintiff's testimony; and (3) failed to support her opinion in Step 5 with substantial evidence. Pl. MSJ at 2.

**A. Medical Evidence**

The administrative record does not contain any records from Plaintiff's treating physicians, Dr. Valdez and Dr. Lin, during the covered period of January 2, 2009 through December 31, 2009. Plaintiff argues that the ALJ improperly disregarded the findings of these treating physicians; specifically, the ALJ erred by failing to contact Dr. Valdez and Dr. Lin to fully develop the record regarding Plaintiff's onset date and limitations. Pl. MSJ at 5-6. Plaintiff also contends that the ALJ did not support her rejection of Dr. Valdez's and Dr. Lin's opinions with clear and convincing reasons. *Id.*

In social security disability cases, "[t]he ALJ must consider all medical opinion evidence." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). In such cases, the opinion of a treating physician is entitled to more weight than the opinion of an examining physician, and more weight is given to the opinion of an examining physician than a non-examining physician. *See Ghanim v. Colvin*, 763 F.3d 1154, 1160 (9th Cir. 2014). If a treating physician's opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record, it must be given controlling weight. 20 C.F.R. § 404.1527(c)(2). The ALJ must provide clear and convincing reasons, supported by

3

substantial evidence, for rejecting the uncontradicted opinion of a treating physician. *See Ghanim*, 763 F.3d at 1160; *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (holding that ALJ can reject uncontradicted treating physician's opinion "by setting out a detailed and thorough summary of the facts and conflicting medical evidence, stating his own interpretation thereof, and making findings") (internal quotation marks and citation omitted). Where contradicted, the opinion of a treating physician may only be rejected for "specific and legitimate reasons that are supported by substantial evidence." *Ghanim*, 763 F.3d at 1160. Additionally, medical opinions that predate the alleged onset date or postdate the date last insured are of limited relevance. *See Carmickle v. Comm'r of Soc. Sec.*, 533 F.3d 1155, 1165 (9th Cir. 2008); *Nelson v. Colvin,* No. C-13-01872 DMR, 2014 WL 4744551, at *5 (N.D. Cal. 2014). The ALJ need not accept a treating physician's opinion if it is "brief, conclusory, and inadequately supported by clinical findings." *Thomas*, 278 F.3d at 957.

A plaintiff has the duty to prove that he is disabled. *See* 42 U.S.C. § 423(d)(5) ("An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require"); *see also Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001). However, "[t]he ALJ . . . has an independent duty to fully and fairly develop the record and to assure that the claimant's interests are considered." *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2011) (internal quotation marks and citations omitted); *see also* 20 C.F.R. § 404.900(b) (stating that administrative review process is conducted in "an informal, non-adversarial manner"); 20 C.F.R. § 416.912(d) (Social Security regulations stating that "[o]ur responsibility" includes certain efforts to help develop applicant's complete medical history). "This duty exists even when the claimant is represented by counsel." *Smolen v. Chater,* 80 F.3d 1273, 1288 (9th Cir. 1996). "An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes*, 276 F.3d at 459-60. "The ALJ may discharge this duty in several ways, including: subpoenaing the claimant's physicians, submitting questions to the claimant's physicians, continuing the hearing, or keeping the record open after the hearing to allow supplementation of the record." *Tonapetyan*, 242 F.3d at 1150

(citing *Tidwell v. Apfel*, 161 F.3d 599, 602 (9th Cir. 1998); *Smolen*, 80 F.3d at 1288). "The duty to develop the record is such that the ALJ may not decide an issue against the claimant based on the absence of evidence in the record." *Ludwig v. Halter*, 5 Fed. Appx. 689, 691 (9th Cir. 2001).

Because Dr. Valdez's and Dr. Lee's opinions are contradicted by those of the state medical consultants and a non-examining medical expert, the ALJ was required to provide "specific and legitimate reasons" supported by substantial evidence to discount each doctor's opinions. *See Klee v. Berryhill*, No. 17-cv-00697-DMR, 2018 WL 3956337, at *17 (N.D. Cal. 2018). The Court will discuss Dr. Valdez and Dr. Lin separately.

### 1. Dr. Valdez

The ALJ gave "little weight" to Dr. Valdez's medical source statement dated February 18, 2016, because it was "not persuasive as to [Plaintiff's] limitations as of the date last insured in 2009" and was "more reflective of [Plaintiff's] current functioning." AR 20. The ALJ specifically noted that the question regarding the onset date was not filled out and that Dr. Valdez's diagnoses included conditions that were more recent. *Id*. In his medical source statement, Dr. Valdez listed the date of Plaintiff's first appointment as March 11, 2010. AR 525. Though Plaintiff contends that the ALJ should have re-contacted Dr. Valdez to ask when Plaintiff's conditions began, the Court finds that the ALJ's decision to give little weight to Dr. Valdez's statement is corroborated by the record. In his motion, Plaintiff concedes that Dr. Valdez began treating Plaintiff in March of 2010. Pl. MSJ at 4. Furthermore, a review of the record reveals that records referencing Dr. Valdez do not begin until 2010. *See, e.g*., AR 456-57, 464-69, 477-78, 488-92. The Court echoes the law of this Circuit that it is the plaintiff's burden to show that he is disabled. *See* 42 U.S.C. § 423(d)(5); *see also Mayes*, 276 F.3d at 459. Here, the Court finds that the ALJ supported her reason to discount Dr. Valdez's testimony with specific and legitimate reasons that were supported by substantial evidence.

### 2. Dr. Lin

The ALJ assigned "little weight" to Dr. Lin's opinion dated April 9, 2016, "because, like Dr. Valdez, this opinion [was] more reflective of the claimant's current functioning and not his functioning prior to the date last insured." AR 21. The ALJ specifically noted that Dr Lin "did

not offer an opinion as to the onset date of the limitations" and found Dr. Lin's diagnosis of rheumatoid arthritis "questionable, as there [were] no significant medical findings or diagnostic studies to support it." *Id.* It is significant that in her medical source statement, Dr. Lin listed her first appointment with Plaintiff as June 3, 2009, which was within the alleged disability period. AR 540. Despite this reference, the ALJ failed to acknowledge that Dr. Lin began treating Plaintiff during the alleged disability period. Similarly, the ALJ did not mention the absence of any 2009 treatment records from Dr. Lin.

The Court concludes that the ALJ had a duty to develop the record because it was incomplete and ambiguous as to Dr. Lin. Dr. Lin stated in her medical source statement that she began treating Plaintiff in June of 2009 (AR 540), but the record is completely devoid of any medical records from Dr. Lin. Though Defendant argues that the lack of records from Dr. Lin supports the ALJ's conclusion that Dr. Lin's opinion was more reflective of Plaintiff's current functioning, the Court is not persuaded. The Court notes that it was particularly necessary for the ALJ to develop and complete the record as to Dr. Lin because of the importance the ALJ placed on the overall absence of treatment records through the date last insured. *See Smolen*, 80 F.3d at 1288 ("If the ALJ thought he needed to know the basis of [certain physicians'] opinions in order to evaluate them, he had a duty to conduct an appropriate inquiry, for example, by subpoenaing the physicians or submitting further questions to them."); *see, e.g.,* AR 19 ("The medical evidence through the date last insured was sparse"), AR 20 ("[T]he treatment notes through the date last insured are limited"), AR 20 ("[T]here is a general lack of objective and other evidence to support the level of severity of the conditions prior to the DLI"). The Court finds that the record, as is, is "inadequate to allow for proper evaluation of the evidence." *Mayes*, 276 F.3d at 459-60. Accordingly, on remand, the Court directs the ALJ to inquire into the existence of medical records pertaining to Dr. Lin's treatment of Plaintiff during the relevant time period and, if such records exist, to evaluate them in accordance with appropriate legal standards.

////

////

////

6

### B. Plaintiff's Testimony

Plaintiff contends that the ALJ erred by failing to: (1) specify which testimony she found not credible; and (2) provide clear and convincing reasons to support her credibility determination. Pl. MSJ at 8. It is evident from the ALJ's decision that her credibility analysis is tied to her evaluation of the medical evidence (*see, e.g.,* AR 19, 21), which the Court has concluded was erroneous. Under these circumstances, the ALJ must reassess Plaintiff's credibility based upon an appropriate evaluation of any additional medical records. *See Klee v. Berryhill*, No. 17-cv-00697-DMR, 2018 WL 3956337, at *17 (N.D. Cal. 2018).

### C. Step 5 Analysis

Plaintiff also challenges the hypothetical questions posed by the ALJ to the vocational expert. Pl. MSJ at 9. An ALJ may meet her burden under Step 5 by propounding a hypothetical that is based on medical assumptions supported by substantial evidence in the record and that reflects all the claimant's limitations to a vocational expert. *See Roberts v. Shalala*, 66 F.3d 179, 184 (9th Cir. 1995). A hypothetical that fails to take a claimant's limitations into account is defective. *See Valentine v. Comm'r of Soc. Sec. Admin*, 574 F.3d 685, 690 (9th Cir. 2009). The hypotheticals posed to the vocational expert depend on what limitations the claimant has, which in turn depend on a correct evaluation of a complete medical record. As the Court has directed the ALJ to reassess the medical evidence, additional RFC limitations may arise. Accordingly, the ALJ must reevaluate the evidence at Step 5.

### V. DISPOSITION

The Social Security Act permits courts to affirm, modify, or reverse the Commissioner's decision "with or without remanding the case for a rehearing." 42 U.S.C. § 405(g); *see also Garrison v. Colvin,* 759 F.3d 995, 1019 (9th Cir. 2014). "[W]here the record has been developed fully and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits." *Benecke v. Barnhart,* 379 F.3d 587, 595 (9th Cir. 2004). However, "[r]emand for further proceedings is appropriate where there are outstanding issues that must be resolved before a disability determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the

evidence were properly evaluated." *Luther v. Berryhill*, 891 F.3d 872, 877–78 (9th Cir. 2018) (citations omitted). Because it is not clear from the record that the ALJ would be required to find Plaintiff disabled if all the medical evidence were properly evaluated, remand is appropriate. On remand, the ALJ must properly evaluate the medical evidence based on applicable law and the guidance provided in this opinion. It is not the Court's intent to limit the scope of the remand.

For the reasons set forth above, the Court **GRANTS** Plaintiff's motion for summary judgment, **DENIES** the Commissioner's cross-motion for summary judgment, and **REMANDS** this matter for further administrative proceedings.

**SO ORDERED.**

Dated: November 22, 2019

_____
SUSAN VAN KEULEN
United States Magistrate Judge